UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE N. HUGHES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED DEBT HOLDING, LLC, <br> COHEN & LION CONSULTANTS, LLC, <br> and PAYMENT MANAGEMENT <br> SERVICES USA, LLC, <br><br> Defendants. | Case No. 1:18-cv-02235 <br><br> Honorable Judge Ruben Castillo <br><br> Magistrate Honorable Maria Valdez |

**PLAINTIFF'S RESPONSE TO DEFENDANTS UNITED DEBT HOLDING, LLC'S AND PAYMENT MANAGEMENT SERVICES USA, LLC'S MOTION TO DISMISS**

NOW comes DANIELLE N. HUGHES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to United Debt Holding, LLC's ("UDH") and Payment Management Services USA, LLC's ("PMS") (collectively, "Defendants") Motion to Dismiss ("Defendants' Motion"), and in support thereof, states as follows:

**INTRODUCTION**

Defendants' Motion is premised on the notion that they do not meet the definition of "debt collector[s]" as defined by the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692a(6). Defendants' analysis is fundamentally flawed given their complete failure to properly assess the relevant inquiries when determining whether an entity meets the FDCPA's definition of a debt collector. UDH argues that it does not qualify as a debt collector because it is a debt purchaser. [Dkt. 16, p. 5]. As will be explained herein, there are two definitions of a debt collector under § 1692a(6). UDH places much of its focus on the second prong, relying on *Henson v.*

1

*Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017), but in fact, there is recent case law from this very district that designates UDH's activities as debt collection pursuant to the first prong of § 1692a(6). PMS's argument fares just as miserably, as PMS attempts to mask itself as an innocent payment processing company, yet, its own website has even expressly stated that PMS is a full service debt collection agency with a primary objective of collecting money.

Plaintiff's Complaint contains sufficient factual allegations demonstrating that Defendants are "debt collector[s]" for purposes of the FDCPA, in turn underscoring the plausibility of Plaintiff's claims under the FDCPA. As such, Defendants' Motion should be denied in its entirety.

**FACTUAL BACKGROUND**

Plaintiff obtained a payday loan through an online lender, "Check 'n Go." [*See* Dkt. 1, ¶ 11]. Experiencing financial hardship, Plaintiff eventually defaulted on the loan, thus incurring debt ("subject debt"). *Id.* at ¶ 13. Eventually, UDH came into possession of the subject debt, and began collecting upon it by directing Cohen & Lion Consultants, LLC ("C&L"), a debt collector, to contact Plaintiff and her family members via phone calls and written correspondence. *Id.* at ¶¶ 12, 14-18.

At UDH's direction, C&L left unlawful and threatening pre-recorded voicemails on both Plaintiff's and Plaintiff's mother's cellular phones, including the threat that a default judgment would be entered against Plaintiff. *Id.* at ¶¶ 15-18.

On or about February 13, 2018, C&L sent Plaintiff a collection letter, indicating that, at the direction of UDH, C&L was authorized to settle the subject. With regard to payment, UDH directed Plaintiff to remit payment to PMS.

Plaintiff's Complaint properly alleges violations under the FDCPA against Defendants, as UDH directed C&L to use harassing collection tactics, including threatening Plaintiff and her

mother, and coercing Plaintiff to send payment to PMS, a self-proclaimed debt collection agency. Plaintiff also properly defines all entities as "debt collector[s]" pursuant to § 1692a(6) of the FDCPA. *Id.* at ¶ 31-34.

## LEGAL STANDARD

Defendant fails to outline the applicable standard pursuant to Fed. R. Civ. P. 12(b)(6), presumably because it realizes that its arguments do not pass muster under the federal notice pleading standard. To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

**I.    Plaintiff's Complaint Contains Sufficient Factual Allegations Demonstrating that UDH is Considered a Debt Collector for Purposes of the FDCPA.**

A "debt collector" is defined by the FDCPA as one of two alternatives: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose definition"), *or* (2) any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (the "regularly collects definition"). 15 U.S.C. § 1692a(6); *see also, McCready v. eBay, Inc.,* 453 F.3d 882, 888-89 (7th Cir. 2006); *Davidson v. Captial One Bank (USA) N.A.,* 797 F.3d 1309, 1317 (11th Cir. 2015); *Barbato v. Greystone Alliance, LLC,* No. 13-cv-2748, 2017 U.S. Dist. LEXIS 48175, at *14 (M.D. Pa. Mar. 30, 2017). Courts apply this definition literally, which has resulted in the definition expanding its coverage beyond that of a traditional debt collector. *Trull v. Lason,* 982 F. Supp. 600, 604 (N.D. Ill. 1997). The Seventh Circuit has held that "a defendant's activities, not its formal status as a collection agency, is dispositive on the 'debt collector' issue." *See Jenkins v. Heintz,* 25 F.3d 536, 538-39 (7th Cir. 1994).

With this legal framework in mind, an analysis of Plaintiff's Complaint demonstrates that Plaintiff has plead sufficient facts to plausibly show that UDH is considered a debt collector, stating, in part, that UDH "is a business the principal purpose of which is the collection of debts." [Dkt. 1, ¶ 31]. As such, any reliance on *Henson* is irrelevant, as Plaintiff has already met her burden under the "principal purpose definition." Even so, Plaintiff will address both prongs, as *Henson* is distinguishable and not on point with the facts at hand.

### A. Plaintiff has plead sufficient factual allegations demonstrating that UDH meets the "principal purpose definition" of "debt collector" under the FDCPA.

As Plaintiff properly defines in her Complaint, pursuant to 15 U.S.C. § 1692a(6) demonstrates, any entity who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of debts will be found to be a "debt collector" for purposes of the FDCPA. [Dkt. 1, ¶ 31].

4

UDH labels itself as a "debt purchaser" and not a "debt collector," claiming that Plaintiff has not alleged facts indicating that UDH "took any steps to directly collect on Plaintiff's account." [Dkt. 16, p. 5]. However, this argument is not up-to-date with the current landscape of the FDCPA. UDH advances cases such as *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp. 3d 1072, 1078-79 (N.D. Ill. 2014) and *McAdory v. M.N.S & Assocs., LLC*, No. 3:17-cv-00777-HZ, 2017 U.S. Dist. LEXIS 182472 (D. Or. Nov. 3, 2017) in support of this argument, yet, UDH remarkably fails to cite to a seminal and recent case from this very district that directly shuts down this notion.

In *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2018 U.S. Dist. LEXIS 41984, at *36-37 (N.D. Ill. Mar. 14, 2018), the Honorable Judge Alonso looked at both definitions under § 1692a(6), and stated that, **"Even if the second prong may require interaction with debtors, the plain language of the first prong does not. It simply states that a debt collector is any person engaged in a business [*37] "the principal purpose of which is the collection of any debts." If, for example, all or an overwhelming majority of a business's revenue is derived from acquiring distressed debt and collecting it, then surely that business's "principal purpose" is "the collection of any debts."** *See Tepper v. Amos Fin., LLC*, No. 15-CV-5834, 2017 U.S. Dist. LEXIS 127697, 2017 WL 3446886, at *8 (E.D. Pa. Aug. 11, 2017) ("While the second definition is limited to "debts owed . . . another," the first definition applies to "*any* debts," provided only that the entity's *principal purpose* is the collection of such debt. We agree with Plaintiff that the evidence shows that Defendant meets that first definition…). **The Court fails to see why it should matter if the debt buyer hires a third party to actually collect its debt,** *i.e.***, to be the one who interacts with the debtor to obtain payment. If the collection of debts is precisely what sustains the business, unaided by any other significant sources of revenue, then the "collection of . . . debts" must be the business's "primary purpose" (emphasis added).**

5

UDH argues that because it did not take any affirmative action to collect upon the subject debt, its principal purpose cannot be the collection of debts, and thus, it cannot be deemed a debt collector. However, even if UDH does not directly interact with consumers and instead employs entities like C&L to directly collect upon consumers on its behalf, as Judge Alonso has opined, this does not matter, and UDH is still deemed a debt collector under the "principal purpose" prong of § 1692(a)(6). Ultimately, a debt buyer whose primary or only business purpose is the acquisition and collection of portfolios of defaulted debts, remains a covered debt collector under the FDCPA.

Moreover, in determining whether an entity is a business whose principal purpose is the collection of any debts, courts should look at the defendant's business as a whole. *Schlaf v. Safeguard Props., LLC,* No. 15-cv-50113, 2017 U.S. Dist. LEXIS 161807, *8 (N.D. Ill. Aug. 29, 2017) (citing *Siwulec v. J.M. Adjustment Servs., L.L.C.,* 465 F. App'x 200, 204 (3d Cir. 2012)). Based on the allegations set forth in Plaintiff's Complaint, it is clear that UDH, or United Debt Holdings, sustains its business through the collection of debts. In her Complaint, Plaintiff states that UDH directed C&L to take affirmative actions in an attempt to collect upon the debt. These actions included the unlawful communication with a third party, including the placement of threatening voice messages to Plaintiff's and Plaintiff's mother's cell phones, as well as misrepresentations stated to Plaintiff through the phone and mail. In addition, public records indicate that UDH is licensed to collect debts in the State of Illinois. *See* attached Exhibit A for a true and correct copy of UDH's filing with the Illinois Secretary of State. There would be no reason for UDH, a Colorado company, to hold a license in the State of Illinois, if debt collection was not one of its principal purposes. Courts have taken judicial notice of this, and have factored whether a debt collector has a license in a particular state in determining whether the debt collector

6

qualifies as one under the FDCPA. *See Torres v. LVNV Funding, LLC*, No. 16 C 6665, 2018 U.S. Dist. LEXIS 49885, at *14 (N.D. Ill. Mar. 27, 2018).

UDH's principal purpose is also exposed by the dozens of complaints consumers have filed against UDH with the Consumer Protection Financial Bureau ("CFPB"). These public records indicate that UDH is heavily involved in debt collection, including the same type of harassing behavior as alleged by Plaintiff here.[1] *See* attached Exhibit B for a list exported through the CFPB, indicating the 78 most recent complaints filed against UDH.

At this nascent stage of litigation, courts have acknowledged that the fact-intensive nature of determining whether an entity is a debt collector further counsels against granting UDH's Motion. *See, Mitchell v. LVNV Funding, LLC,* 2017 U.S. Dist. LEXIS 206440 (N.D. Ind. Dec. 15, 2017) (noting that the determination as to whether the defendant's principal purpose was the collection of debts "requires making a factual finding as to whether the evidence is sufficient to establish . . . that [the defendant's] principal purpose of business is to engage in debt collection. This factual finding is reserved for the trier of fact").

Here, Plaintiff has plead sufficient factual allegations which, when taken as true and drawing all inferences therefrom in Plaintiff's favor, demonstrate that UDH can plausibly be considered a business the principal purpose of which is the collection of any debts, and would therefore be considered a debt collector for purposes of the FDCPA. As such, the Court should deny UDH's Motion in its entirety.

**B. UDH misapplies *Henson*, and Plaintiff's Complaint sets forth sufficient facts indicating that UDH meets the "regularly collects definition" of "debt collector" under the FDCPA.**

---

[1] *See* https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=%22united%20debt%20holding%22&size=25&sort=created_date_desc, also attached as Exhibit B.

An entity meeting either one of the two definitions qualifies as a debt collector. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309 (11th Cir. 2015). In *Torres*, 2018 U.S. Dist. LEXIS 49885, at *15, upon determining that the defendant was a "debt collector" under the first prong of § 1692a(6), the court did not even address the second definition ("because Torres sought to define LVNV as a debt collector under the first definition of § 1692a(6), LVNV is a debt collector under the FDCPA). Here, Plaintiff's Complaint defines UDH as a debt collector because its principal purpose is the collection of debts. Plaintiff has already established that UDH satisfies the first definition of a debt collector under § 1692(a)(6). UDH relies solely on *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017) in arguing that it does not qualify as a debt collector under the "regularly collects definition." However, UDH's argument is misguided as *Henson* is factually distinguishable, and it was also a decision rendered at summary judgment, which inherently has a significantly higher standard than Fed. R. Civ. P. 12(b)(6).

The *Henson* opinion held that, because Santander owned all legal and equitable rights to the debts in question, it did not qualify under the "regularly collects" part of the definition because the debts that it was collecting were not "owed or due or asserted to be owed or due another." Again, it must be stressed that the *Henson* opinion does not purport to address entities engaged in "any business the principal purpose of which is the collection of any debts," and that portion of the statutory definition was disclaimed in briefs and oral argument. The Supreme Court accordingly limited the focus of its opinion. In any event, *Henson* is completely distinguishable from the situation at hand.

In *Henson,* the plaintiff obtained a line of credit through the defendant, Santander, and upon plaintiff's default, Santander began its collection activities. Santander was the original creditor attempting to collect upon its own debt. Here, the situation is quite different, as Plaintiff's

8

debt was incurred through an online payday lender, Check 'n Go, and not through UDH. Accordingly, unlike Santander, UDH is not the original creditor. Rather, it is a third-party debt collector attempting to collect upon the subject debt. As a result, UDH's reliance on *Henson* is ill-advised. UDH is attempting to insulate itself from liability, despite its unfortunate history of predatory and unlawful collection misconduct documented by the CFPB. *See* Exhibit B. Pursuant to the federal notice pleading standard, Plaintiff's Complaint has set forth sufficient facts indicating that UDH regularly collects upon debts, pursuant to § 1692(a)(6).

**II.     Plaintiff's Complaint Contains Sufficient Factual Allegations Demonstrating that PMS is Plausibly Considered a Debt Collector for Purposes of the FDCPA.**

### A. PMS Defines itself as a Debt Collector

PMS attempts to mislead the Court by stating that it is simply an innocent payment processing company, however, public records indicate that as of May 9, 2018, PMS's website[2] reflected the following:

**About Us**

**Payment Management Services USA, LLC, (PMSUSA)** is a National Debt Collection Agency based out of Buffalo, New York. We are dedicated to be a full service debt collection solution by increasing the percentage of bad debt recovery for our clients in a professional manner, and preserving our client's image and our reputation in our Industry.

**Collector Responsibility:** Our approach to collecting accounts is positive and professional. PMSUSA takes great care in the hiring and training of all personnel to assure that professionalism is maintained on all levels. All of our account managers have been trained according to the Fair Debt Collection Practices Act and in proper, professional telephone collection techniques. While our primary objective is to collect the monies, we are also concerned with maintaining the continued goodwill of our clients. We have a strict code of ethics in force which we constantly monitor in order to protect the best interests of our clients and their consumers.

It is clear that PMS is also attempting to insulate itself from liability by hiding behind the mask of a payment processing company. Yet, in its own "About Us" section, PMS contradictorily references itself as a ***full service national debt collection agency***.[3] PMS unmasks itself by

---

[2] https://paypmsusallc.123fastpay.com/AboutUs.aspx/. A true and correct copy of PMS's website from 5/9/2018 is attached hereto as Exhibit C.
[3] *Id.*

9

acknowledging that its primary purpose is the collection of debts, stating "While **our primary objective is to collect the monies**, we are also concerned with maintaining the continued goodwill of our clients." *Id.* (emphasis added). While PMS has now changed its website to describe itself as "one of the largest providers of credit card processing services for third party receivable management firms,"[4] Plaintiff received the correspondence giving rise to this cause of action against PMS on or about February 13, 2018. Accordingly, at the time Plaintiff's Complaint was filed, PMS was holding itself out as a debt collector.

Courts have repeatedly found that whether and to what extent a company advertises its products and services as being debt collection tools is relevant to considering whether its principal purpose is the collection of debts. *See, Schlaf,* 2017 U.S. Dist. LEXIS 161807 at *9 (finding that the plaintiff failed to meet its burden on summary judgment that defendant's principal purpose was the collection of debts, noting that "[s]ignificantly absent from the record is language from the website *advertising direct or indirect debt collection services*") (emphasis added). Based on the discussion in *Schlaf,* the advertisement of direct or indirect debt collections services is conduct which gives rise to an inference that an entity has the principal purpose of collecting debts. Because PMS in the instant matter clearly engaged in such advertisement at the time of the violation, the factual allegations in Plaintiff's complaint are well-plead and, when taken as true, give rise to an inference that PMS is a business the principal purpose of which is the collection of debts. *See also, Siwulec,* 465 F. App'x at 204 (finding that the plaintiff's allegations that the defendant promoted its services to debt collectors and advertised FDCPA compliance, *inter alia,* constituted sufficient facts to demonstrate the defendant was not merely a messenger service for debt collectors and instead had a principal purpose which was the collection of debts). Even on its present-day

---

[4] https://paypmsusallc.123fastpay.com/AboutUs.aspx

website, PMS still admits that it provides services for third party receivable management firms, which are synonymous with debt collectors.

As the above authority demonstrates, whether and to what extent an entity caters to the credit and collection industry is a highly relevant inquiry into whether an entity has the principal purpose of collecting debts. Therefore, taking as true Plaintiff's allegations regarding the nature of PMS's advertising and the clientele it caters to and construing all inferences therefrom in a light most favorable to Plaintiff, Plaintiff has clearly set forth sufficient factual allegations giving rise to an inference that PMS is a business the principal purpose of which is the collection of debts.

As discussed above, Plaintiff clearly alleges that PMS markets its services almost exclusively to creditors and debt collectors. Therefore, given the nature of PMS's self-proclaimed "full service debt collection solution[s]" and the fact that it markets such services to creditors and debt collectors, the Court should find that PMS regularly facilitates in the collection of debts. Thus, the Court should similarly find that such conduct also meets the "regularly collects definition" outlined by 15 U.S.C. § 1692a(6). As such, the Court should deny PMS's Motion in its entirety.

## CONCLUSION

In light of the above, the Court should deny Defendants' Motion in its entirety because Plaintiff has presented sufficient factual allegations which, when taken as true, illustrate that Plaintiff plausibly alleges that UDH and PMS are "debt collector[s]" for purposes of the FDCPA. Alternatively, in the event any of Plaintiff's claims are found to warrant dismissal, this Court should allow Plaintiff leave to amend her Complaint.

WHEREFORE, Plaintiff, DANIELLE N. HUGHES, respectfully requests this Honorable Court enter an order denying Defendants' Motion in its entirety and for any other relief just and appropriate.

Dated: July 17, 2018               Respectfully submitted,

                                   s/ Taxiarchis Hatzidimitriadis
                                   Taxiarchis Hatzidimitriadis, Esq. #6319225
                                   Counsel for Plaintiff
                                   Admitted in the Northern District of Illinois
                                   Sulaiman Law Group, Ltd.
                                   2500 S. Highland Ave., Suite 200
                                   Lombard, Illinois 60148
                                   (630) 575-8181 x110 (phone)
                                   (630) 575-8188 (fax)
                                   thatz@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on July 17, 2018, he caused a copy of the foregoing, **PAINTIFF'S RESPONSE TO DEFENDANTS UNITED DEBT HOLDING, LLC'S AND PAYMENT MANAGEMENT SERVICES USA, LLC'S MOTION TO DISMISS,** to be served electronically via CM/ECF system on:

LIPPES MATHIAS WEXLER FRIEDMAN LLP
Brendan H. Little
Andrew D. Drilling
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
blittle@lippes.com
adrilling@lippes.com

                                   Respectfully submitted,

                                   s/ Taxiarchis Hatzidimitriadis
                                   Taxiarchis Hatzidimitriadis