IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE N. HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 2235 |
| v. ) | |
| ) | Magistrate Judge |
| UNITED DEBT HOLDING, LLC; ) | Maria Valdez |
| COHEN & LION CONSULTANTS, ) | |
| LLC; and PAYMENT ) | |
| MANAGEMENT SERVICES USA, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Hon. Maria Valdez, United States Magistrate Judge

Plaintiff Danielle Hughes ("Plaintiff") filed a complaint alleging that Defendants United Debt Holding, LLC ("UDH"), Cohen & Lion Consultants, LLC ("C&L"), and Payment Management Services USA, LLC ("PMS") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The matter before the Court is Defendants United Debt Holding, LLC and Payment Management Services USA, LLC's Motion to Dismiss [Doc. No. 16]. Plaintiff filed a response on July 17, 2018, which UDH and PMS (collectively "Defendants") replied to on July 31, 2018. For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

Plaintiff obtained a payday loan through online lender, "Check 'n Go" which she later defaulted on, thus incurring debt ("the subject debt"). *Pl.'s Complaint* at ¶¶ 10–11, 13. C&L attempted to collect on the subject debt on behalf of the subject debt's eventual owner, UDH. *Id.* at ¶¶ 12–13. C&L's collections efforts included placing phone calls and sending written correspondence to Plaintiff and Plaintiff's family members. *Id.* at ¶ 14. Plaintiff alleges that C&L left pre-recorded voicemails on both Plaintiff and Plaintiff's mother's cellular phones, which included a threat that default judgment would be entered against Plaintiff. *Id.* at ¶¶ 15–18. Plaintiff also alleges that C&L sent her a collection letter, indicating that, at the direction of UDH, C&L was authorized to settle the subject debt for an amount less than the purported total debt owed. *Id.* at ¶¶ 19–21. Plaintiff's complaint alleges violations under the FDCPA against Defendants, including that UDH directed C&L to use harassing collection tactics and that she was coerced into sending payment to PMS. Plaintiff defines UDH, C&L, and PMS as "debt collectors" under § 1692a(6) of the FDCPA. *Id.* at ¶¶ 31–34.

## DISCUSSION

### I. JUDICIAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of a case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining whether to grant a Rule

12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, "a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Seventh Circuit has read the *Twombly* decision as imposing "two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concerta Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotations omitted). In determining what "plausibly" means, the Seventh Circuit has explained that "the complaint must establish a nonnegligible probability that the claim is valid; but the probability need

not be as great as such terms as 'preponderance of the evidence' connote." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010).

## II. "DEBT COLLECTOR" UNDER THE FDCPA

Defendants argue that Plaintiff's complaint should be dismissed because they do not meet the FDCPA's definition of "debt collector." Under the FDCPA, the term "debt collector" is defined as two alternatives: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, <u>or</u> who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). It is clear that only individuals who meet the statutory definition of "debt collector" can be held liable under the FDCPA. *Pettit v. Retrieval Masters Creditor Bureau, Inc.* 211 F.3d 1057, 1059 (7th Cir. 2000).

### A. UDH

#### i. Principal Purpose Definition

Plaintiff's complaint alleges that UDH qualifies as a debt collector under the "principal purpose" definition because it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *Pl.'s Complaint* at ¶ 31. UDH opposes Plaintiff's classification and, instead, asserts that it falls outside the jurisdiction of the FDCPA because it is a "debt purchaser", not a "debt collector." UDH points out that it acquired the subject debt, but has never directly contacted Plaintiff in order to

4

collect on it. UDH maintains the distinction between debt collector and debt purchaser is important because some courts have found that "[a]n entity that acquires a consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within [the statutory definition of debt collector]." *Kaslo v. Trident Asset Mgmt.*, 53 F.Supp.3d 1072, 1078–79 (N.D. Ill. 2014); *see also McAdory v. M.N.S. Assoc., LLC*, 2017 WL 5071263, at *2–*3 (D. Or. Nov. 3, 2017). Plaintiff does not reject the findings in *Kaslo* or *McAdory*, but notes that UDH has overlooked conflicting, and more current, authority. In *McMahon v. LVNV Funding, LLC*, 301 F.Supp.3d 866, 884 (N.D. Ill. Mar. 14, 2018), the court stated that "[e]ven if the second prong [of the FDCPA's definition of debt collector] . . . require[s] interaction with debtors, the plain language of the first prong does not." *Id.* at 884.

UDH attempts to distinguish *McMahon*, calling the court's analysis "mistaken." In addition, UDH notes that the *McMahon* court ultimately did not determine whether an entity can be a debt collector under the primary purpose definition without interacting with consumers because the plaintiff had adduced evidence that the defendant had interacted with consumers by filing collection lawsuits against them. *Id.* It is not necessary, however, for this Court to determine the merits of these arguments given the current posture of the case. At the motion to dismiss stage, a court need only determine the sufficiency of the plaintiff's complaint. *Gibson*, 910 F.2d at 1520. While UDH may disagree with the *McMahon* court, it has pointed to no binding authority which states, as a matter of law, that

5

an individual must interact with consumers in order to meet the first statutory definition of "debt collector". Absent such authority, the fact that UDH alleges it has had no contact with Plaintiff does not eliminate the possibility that it may be determined to be a "debt collector" under the FDCPA.

Drawing all reasonable inferences in Plaintiff's favor, it presently is unclear whether UDH will be determined a debt collector under the principal purpose definition. While the answer to this question may revealed after development of the factual record, it is not appropriate to dismiss UDH at this stage.

UDH also asserts that it cannot meet the first statutory definition of debt collector because Plaintiff has not plausibly alleged that its "principal purpose" is debt collection. Specifically, UDH claims that Plaintiff's complaint is "devoid of any allegation that UDH took any steps or measures to collect on any debt at any time." *Defs.' Resp.* at 8. To the contrary, Plaintiff's complaint alleges that C&L, at the direction of UDH, sent Plaintiff a collection letter seeking to settle the subject debt. ¶21. Thus, UDH's argument in this respect is misplaced. Here, Plaintiff's complaint has sufficiently alleged facts with respect to UDH's principal purpose to survive a motion to dismiss.[1]

---

[1] The parties spend a significant portion of their briefs arguing whether UDH meets the statutory definition of "debt collector" under the "regularly collects" definition. Because the Court has determined that UDH should not otherwise be dismissed under the first statutory definition, the Court need not reach the parties argument on this point. Furthermore, Plaintiff's complaint does not allege that UDH is a debt collector under the "regularly collects" definition.

**B. PMS**

Plaintiff's allegations against PMS center on the second statutory definition of "debt collector". In her complaint, Plaintiff alleges that PMS is debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Pl.'s Complaint* at ¶ 34. Akin to the argument advanced by UDH, PMS maintains that it is a payment processing service, a separate entity from a debt collector, which cannot be held liable under the FDCPA.[2]

The complaint with respect to PMS alleges that C&L sent Plaintiff a letter indicating payments on the subject debt were to be sent to PMS. *Pl.'s Complaint* at ¶22. PMS contends that it is clear from the letter that it was not the owner or collector or the debt, but merely the processor of the payment. *Id.* at Exhibit A.

The collection letter at issue indicates that payment was to be sent to PMS, and that a service fee may be charged for any payments made by credit or debit card. *Id.* While UDH is listed as the current creditor, the letter is unclear on whose behalf the payment was being collected. *Id.* (stating "Pursuant to our . . . client's approval we are authorized to offer you a settlement. . ." without identifying the client by name). Without more, Plaintiff may have reasonably believed that PMS was collecting the outstanding debt, not simply processing it. Construing all reasonable inferences in Plaintiff's favor, the letter does not completely foreclose the

---

[2] The Court does not find, and PMS does not point to, any authority in the Seventh Circuit supporting this proposition.

possibility that PMS could satisfy the definition of "debt collector" under the FDCPA. Accordingly, PMS's motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, United Debt Holding, LLC's and Payment Management Services USA, LLC's Motion to Dismiss [Doc. No. 16] is denied.

**SO ORDERED.**                                **ENTERED:**

*[signature: Maria Valdez]*

**DATE:     August 20, 2018**          _____
                                        **HON. MARIA VALDEZ**
                                        **United States Magistrate Judge**

8